**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

**CASE NO. 26-14300-CIV-CANNON/Galler**

**JESUS MENDOZA-CRUZ,**

Plaintiff,

v.

**JOHN M. BUDENSIEK, *et al*.,**

Defendants.
_________________________________/

**ORDER DISMISSING SHOTGUN COMPLAINT AND PERMITTING REPLEADING**

**THIS CAUSE** comes before the Court upon a sua sponte review of the record. On August 19, 2026, Plaintiff filed a Petition for Writ of Habeas Corpus and Complaint for Emergency Injunctive Relief and Declaratory Relief (the "Complaint") alleging, among other things, violations of the United States Constitution [*see* ECF No. 1]. The second, third, fourth, and fifth counts in the Complaint, however, incorporate all preceding allegations, thus rendering the Complaint an impermissible "shotgun pleading" [ECF No. 1 pp. 10–15]. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015) ("The most common type [of shotgun pleading]—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."). The Court has an independent obligation to dismiss such pleadings and require repleader.

Separately, Plaintiff's request for emergency injunctive relief does not comply with Southern District of Florida Local Rule 7.1(d). Although Plaintiff alleges that he has been confined at the Martin County Jail since August 11, 2026, and that a transfer to Immigration Customs and

Enforcement ("ICE") custody could risk mooting or frustrating this Court's habeas jurisdiction, he identifies no scheduled or imminent transfer, no date by which a ruling is necessary, and no facts explaining why meaningful relief would be unavailable if the Court does not rule within seven days [*See* ECF No. 1 ¶¶ 10, 57]. Nor does the filing contain the certification required by Local Rule 7.1(d)(1) before the signature block. S.D. Fla. L.R. 7.1(d). Accordingly, Plaintiff has not established that his request qualifies for emergency consideration under the Local Rules. Thus, to the extent Plaintiff seeks emergency consideration of his request for injunctive relief, that request is denied without prejudice. Any renewed request for emergency relief must comply with Southern District of Florida Local Rule 7.1(d).

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**.
2. Plaintiff may file an amended complaint that is consistent with this Order on or before **September 8, 2026**. **The amended complaint must not contain any successive counts that broadly incorporate all prior allegations**. **Each count must identify the particular legal basis for liability and contain specific factual allegations that support each cause of action within each count**. *See Warren v. Devanguardia*, No. 25-CV-1573, 2025 WL 2770882, at *3 (M.D. Fla. Sept. 26, 2025) (noting plaintiffs should "incorporate into each count only those factual allegations necessary to support the count" (quotation omitted)).
3. To the extent Plaintiff seeks emergency consideration of his request for temporary or preliminary injunctive relief, the request is **DENIED WITHOUT PREJUDICE** for failure to comply with Southern District of Florida Local Rule 7.1(d). Any renewed request for emergency consideration must be presented in a properly designated motion

that complies with Local Rule 7.1(d), including the Rule's requirements concerning the nature of the emergency, the date by which a ruling is necessary, the reason a ruling is required by that date, and the prescribed certification.

4. Failure to comply with this Order may result in dismissal of the case without further notice.

**ORDERED** in Chambers at Fort Pierce, Florida, this 25th day of August 2026.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record